**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ABRAHAM GRANT, SR.                                                                                    PLAINTIFF
ADC #128147

V.                                           NO: 5:10CV00368 DPM/HDY

CORRECTIONAL MEDICAL SERVICES INC.                                               DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed this complaint on December 22, 2010, alleging that Defendant Correctional Medical Services Inc. ("CMS"), failed to provide him with his blood pressure medication for a month.[1]

On September 19, 2011, Defendant filed a motion for judgment on the pleadings, along with a brief in support (docket entries #39 & #40). Plaintiff filed a response in opposition on September 26, 2011 (docket entry #43).

### **I. Standard of review**

Motions for judgment on the pleadings are governed by the same standards that apply to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 554-55 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and

---

[1] CMS is now known as Corizon, Inc. (docket entry #40).

setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.

## II. Analysis

Defendant contends that it is entitled to judgment on the pleadings because Plaintiff failed to exhaust his administrative remedies with respect to his claims against it, and because he has failed to allege that a corporate policy or custom led to the violation of his constitutional rights.

In support of its contention that Plaintiff failed to properly exhaust his administrative remedies, Defendant cites the grievance Plaintiff attached to his complaint, and notes that the grievance alleges no wrongdoing by Defendant. Although Plaintiff did not name Defendant in the grievance he attached to his complaint, that fact alone does not serve to meet Defendant's burden of demonstrating that Plaintiff failed to exhaust his claims against it, and Defendant is therefore not entitled to judgment based on Plaintiff's failure to exhaust.

Defendant further claims that Plaintiff failed to state a claim for relief against it because he failed to allege his constitutional rights were violated as a result of corporate policy or custom. A

3

corporation acting under color of state law cannot be held liable on a theory of *respondeat superior*, but will be held liable only for its own unconstitutional policies. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-976 (8th Cir. 1993); *citing Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978). Plaintiff has made no allegation, either in his complaint, or his response to the motion, that Defendants' policy or practice led to his problems receiving his medications. Plaintiff's grievance appears to allege that he was prescribed blood pressure medication, but that he did not receive it due to a medical employee's failure to refill the prescription, rather than any policy or practice of Defendant. In fact, in the complaint, Plaintiff asserts that CMS found his grievance on the problem to be with merit. Plaintiff has not named any individual as a Defendant. Because Plaintiff has failed to allege the existence of a CMS policy or practice that led to the violation of his constitutional rights, Defendant's motion for judgment on the pleadings should be granted. Because CMS is the only named Defendant, Plaintiff's complaint should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1  The motion for judgment on the pleadings filed by Correctional Medical Services Inc. (docket entry #39), be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.  The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   29   day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE