IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ABRAHAM GRANT, SR.
ADC #128147                                                              PLAINTIFF

v.                          No. 5:10-cv-368-DPM-HDY

CORIZON, INC., f/k/a CORRECTIONAL
MEDICAL SERVICES, INC.                                              DEFENDANT

ORDER

The Court has reviewed Magistrate Judge H. David Young's Proposed Findings and Recommendations. *Document No. 44.* Grant timely filed objections. *Document No. 49.* Having conducted a *de novo* review of the matter, FED. R. CIV. P. 72(b)(3), the Court adopts Judge Young's proposal as its own, with the following clarifications and a note on pending motions.

Grant's objection echoed his earlier motion, *Document No. 43*, about the timeliness of Corizon's motion for judgment on the pleadings. Grant points to a scheduling order setting an evidentiary hearing on 3 October 2011, and stating "[a]ll dispositive motions must be filed with the Court no later than 45 days prior to the hearing date. Any motions submitted after this deadline

may be denied solely on the basis of having been filed late." *Document No. 23-1*. Grant therefore seeks to strike Corizon's motion because it was filed on 19 September 2011. But he overlooks two important factors: (1) the word *may* in the quoted language from the scheduling order, and (2) the fact that Corizon also filed a motion on September 19th to continue the hearing, which Judge Young granted, *Document No. 41*. This Court therefore finds Grant's objections unpersuasive.

Turning to the merits, Judge Young's analysis is spot-on. Grant has made no allegation that a Corizon custom or policy led to the alleged delay of receipt of his blood-pressure medication. Without this proof, Corizon may not be held liable under 42 U.S.C. § 1983. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). The Court therefore grants Corizon's motion for judgment on the pleadings, *Document No. 39*, and dismisses Grant's claims with prejudice.

After Judge Young filed his recommendation, Grant twice moved to amend his complaint to add Donna Gordon, a health services administrator at the prison, as a defendant. Because this amendment would be futile, the Court need not allow it. *Roberson v. Hayti Police Department*, 241 F.3d 992, 995

(8th Cir. 2001); *McCullough v. University of Arkansas for Medical Sciences*, 559 F.3d 855, 860 n.2 (8th Cir. 2009). A prison official violates the Eighth Amendment only when the alleged deprivation is (objectively) "sufficiently serious," and when the official is (subjectively) deliberately indifferent to the prisoner's health or safety. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), *abrogated on other grounds by Reece v. Groose*, 60 F.3d 487 (8th Cir. 1995).

Grant has not met this constitutional standard. Notwithstanding higher blood pressure and headaches, the Court holds that Grant's situation was not sufficiently serious to justify relief. As the *Beyerbach* court instructed, when "delay in treatment is the constitutional deprivation, the objective seriousness . . . should also be measured by reference to the *effect* of delay in treatment." 49 F.3d at 1326 (quotation omitted and emphasis original). Grant has not pleaded that medical evidence verifies a serious detrimental effect from the delay. *Reece*, 60 F.3d at 491–92. Nor has Grant sufficiently alleged deliberate indifference on Gordon's part, especially given that Gordon found Grant's original grievance meritorious, though resolved by his delayed receipt of medication. *Document No. 2, at 7*. And because Grant's motion for summary judgment, *Document No. 48*, similarly fails to offer proof on these two

elements, that motion is also denied.

***

Corizon's motion for judgment on the pleadings, *Document No. 39*, is granted. Grant's motions to amend, *Document Nos. 47 & 50*, are denied; his motion for summary judgment, *Document No. 48*, is denied; and his motion to proceed *in forma pauperis*, *Document No. 51*, is denied as moot. Grant's complaint is dismissed with prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

9 November 2011